IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRUNO PALENCIA, § | | |
|     Plaintiff, | | |
| | | |
| V. § | | CIVIL ACTION NO. 4:14-cv-02276 |
| | | |
| PROGRESSIVE INTEREST, INC. d/b/a | | |
| PROGRESSIVE ELECTRIC AND | | |
| ANTHONY J. HEPBURN | | |
|     Defendants. § | | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and as a collective action to recover unpaid minimum wage and/or overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Bruno Palencia and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

### Parties

1. Plaintiff Bruno Palencia a former employee of Defendants was personally engaged in interstate commerce while he was employed by the Defendants, and is represented by the undersigned.

2. Defendant, Progressive Interest, Inc. d/b/a Progressive Electric ("Progressive") is a Texas corporation and is an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, Progressive is subject to the provisions of the FLSA. Progressive was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Progressive may be served through its registered agent, Anthony J. Hepburn at 6105 Maple Street, Houston, Texas 77074, or wherever he may be found.

3. Defendant, Anthony J. Hepburn ("Hepburn") is an individual resident of the State of Texas and is an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, Hepburn is subject to the provisions of the FLSA. Hepburn was at all relevant times the control person of an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(r) and (b) and had gross annual revenues in excess of $500,000.00. Hepburn was the person who determined and directly controlled the employee compensation policies of Progressive Electric. Hepburn may be served with process 6105 Maple Street, Houston, Texas 77074, or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

5.     Plaintiff worked for Defendants as an electrician's helper from January 2014 to June 2014.  In his capacity of electrician's helper, Plaintiff worked under the supervision of a certified electrician drilling and running wire, installing electric outlets and plugs and/or assisting electricians as directed.  During his tenure with the Defendants, Plaintiff regularly worked in excess of 40 hours per week.  Plaintiff was paid on an hourly basis but was not paid time and a half for those hours worked over 40 hours per workweek; instead, Plaintiff was paid "straight time" for all hours worked over 40 in a workweek.  Plaintiff worked varying hours depending on the work Defendants had.  Some weeks Plaintiff worked only 5 days, and some weeks as many as 7 days.

6.     During each week of Plaintiff's employment with Defendants wherein Plaintiff worked in excess of 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.  Instead, Defendants paid the Plaintiff the same rate for each hour worked.

7.     At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

8.     Plaintiff was not an "exempt" employee.

9.     Defendants did not make a good faith effort to comply with the minimum wage or overtime provisions contained within the FLSA.

10.    Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

**Plaintiff's Individual Allegations**

11.    As non-exempt employee, Plaintiff was entitled to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium during every workweek that Plaintiff worked over 40 hours while he was employed by Defendants.

12.    No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith

3

effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime and minimum wage compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

## Collective Action Allegations

13.     Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class.  Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of paying his co-workers in the same manner he was paid: "straight" time for all hours over 40.

14.     The Members of the Class performed work that is similar in nature to that performed by Plaintiff.  Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

15.     Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

16.     The Defendants' failure to pay their employees as required by the FLSA results from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

17.      No justification or exemption excuses the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants have not made a

good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

18. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All persons employed by the Defendants Progressive Interest, Inc. d/b/a Progressive Electric, as electricians, electrician's helpers, and general laborers who were paid on an hourly basis during the three-year period preceding the filing of this Complaint.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

19. Based on the foregoing, Defendants violated the FLSA by failing to compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

20. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

21. Defendants are liable to Plaintiff and all Members of the Class for all unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA for work performed during time worked in excess of 40 hours per work week for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

22. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Progressive Interest, Inc. d/b/a Progressive Electric as electricians, electrician's helpers and general laborers on an hourly basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate for the last three years
3. Judgment against Defendants that their violations of the FLSA were willful;

4. An equal amount to the overtime wage damages as liquidated damages;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
1201 Prince Street
Houston, Texas 77008
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF BRUNO PALENCIA**